UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES A. WEMER, *et al.*,

      Plaintiffs

      v.                                               C-1-97-950

THE OHIO NATIONAL LIFE INSURANCE
COMPANY, *et al.*,

      Defendants

## ORDER

This matter is before the Court upon Donald L. Johnson's and Stephen K. Brinley's ["Respondents'"] objections (Doc. 109) to the United States Magistrate Judge's Report and Recommendation, as well as Defendants' memorandum in opposition to those objections. (Doc. 114).

For the reasons stated below, this Court overrules Respondents' objections (Doc. 109) to the Report and Recommendation and adopts the Report and Recommendation. (Doc. 105). Further, the Court grants Defendant's motion to enjoin (Doc. 84), and denies Respondents' motion to dismiss. (Doc. 87).

### Fact and Procedural Background

Respondents Johnson and Brinley, both physicians, jointly own Florence M.R.I. Diagnostic Center, P.C., in Florence, Alabama. (Doc. 95, Ex. A, Affidavit of Donald L. Johnson ["Johnson Aff."], ¶ 2). In 1991, Respondents entered into a buy/sell trust agreement in connection with their

business, with Conrad C. Pitts, Esq., serving as the Trustee. *Id.* In the spring of 1992, Pitts had several discussions with an Ohio National agent about obtaining additional insurance polices on the Respondents' lives, for the purpose of funding the buy-out provision under their trust's buy/sell agreement. *Id.* at ¶ 3. Ohio National's agent recommended "10-pay" policies that purportedly would build up cash over time and fund themselves after ten years. *Id*. at ¶ 4. According to Respondents, the agent specifically stated that all premiums would be paid fully in ten years and that both would have five million dollars in coverage to age ninety. *Id.* Based upon those representations, each Respondent purchased a Ohio National life insurance policy in September 1992, and began paying premiums in November of 1992. Pitts as Trustee owns the policies and is designated as the policies' beneficiary, and Respondents are the insureds under the policies. The policies were intended to support Respondents' buy/sell trust agreement which governs the transfer of their medical practice in the event one of them dies.

In May 1997, James A. Wemer, Nina E. Wemer and Gary Musguire, individually and on behalf of a class of persons similarly situated, filed the above-captioned action in this Court against Ohio National. (Doc. 1). The complaint alleged that the named individuals and other potential class members were injured by Ohio National's conduct in connection with life insurance sales practices, specifically setting forth claims of fraud, negligent misrepresentation, negligence, breach of contract, breach of fiduciary duty, fraudulent inducement, reformation, unjust enrichment/imposition of constructive trust, and violations of consumer fraud and deceptive trade practices statutes.

In April of 1999, the parties reached a proposed settlement agreement designed to provide relief to Ohio National policyholders injured by Ohio National's sales practices. On April 22, 1999, the Court entered an Order preliminarily approving the Settlement Agreement, and (I) conditionally

certifying a Class for settlement purposes only, (ii) directing the forms and methods of Class Notice, and (iii) setting forth procedures by which Class Members could exclude themselves from or object to the terms of the Proposed Settlement. (Doc. 47). Policyholders were informed that if they failed to take the steps set forth in the Class Notice to exclude themselves from the Class, and if the Proposed Settlement were approved, they, or anyone acting on their behalf, would be barred from taking any action against Ohio National related to the sale, solicitation or servicing of their Ohio National policies covered by the Class Settlement.

The Order also approved the content of the Class Notice designed to alert Class Members to the pendency of the Class Action and the Proposed Settlement, and to provide information needed to afford Class Members the opportunity to make an informed decision as to whether to participate in or exclude themselves from the Class. The Notice made clear that if a Class Member did not timely opt out of the Class, the party would remain a Class Member and be bound by the Settlement and by all orders and judgments in the lawsuit. (Doc. 47, Notice of Class Action). The Class Notice also contained a description of the Class Release and made clear that the Settlement covers "most known and unknown claims relating to the Policies involved in the Settlement." (Doc. 47, Notice of Class Action, p. 17).

On or before April 30, 1999, Class Notice was sent to Dr. Johnson and Dr. Brinley, c/o Conrad C. Pitts, regarding Class Policies C6323997 and C6323998. (Doc. 84, Declaration of Karin Brooks ["Brooks Decl."], ¶ 2). Pitts as Trustee of the buy/sell trust is the owner of Class Policy C6323997, which insures the life of Dr. Johnson, and Class Policy C6323998, which insures the life of Dr. Brinley. Neither policy C6323997 nor C6323998 was excluded from the Class Action. *Id.*

Ohio National received a CEP[1] election form signed by "Donald L. Johnson, M..D." in which Johnson elected to pursue relief for Policy C6323997 through the CEP process. *Id*. Although Johnson was sent a CEP claim form, Ohio National never received an executed claim form for Policy C6323997. Accordingly, Ohio National awarded General Relief in favor of Policy C6323997. *Id.*

Similarly, Ohio National received a CEP election form signed by "Conrad Pitts, Trustee" and "Dr. Stephen Brinley by Conrad Pitts," in which Pitts and Brinley elected to pursue relief for Policy C6323998 through the CEP process. *Id*. Again, although Pitts and Brinley were sent a CEP claim form, Ohio National never received an executed claim form for Policy C6323998. Accordingly, Ohio National awarded General Relief in favor of Policy C6323998. *Id.*

On August 2, 1999, the Court entered an Order and Final Judgment approving a Class Action Settlement designed to redress the injuries of Ohio National policyholders who were injured by Ohio National's sales practices. (Docs. 78, 80). The Order, among other things, certified the Class for settlement purposes, defined the Class Period as commencing on January 1, 1981 and terminating on May 1, 1997, and provided that all Class Members who did not timely exclude themselves from the Class were permanently barred and enjoined from litigating any and all claims related to the Class Action. Additionally, the Final Judgment expressly reflected this Court's retention of continuing exclusive jurisdiction over all claims relating to enforcement and interpretation of the Settlement Agreement.

On or about December 12, 2003, Drs. Johnson and Brinley filed an action in the Circuit Court of Jefferson County, Alabama, styled, *"Donald L. Johnson and Stephen K. Brinley, Plaintiffs*

---

[1] "Claim Evaluation Process" or "CEP" is defined as the procedures for the presentation, evaluation and resolution of Claims. (Settlement Agreement, p. 6, ¶ 16).

*v. Ohio National Life Assurance Corporation; J. Terry Holloway, Defendants,"* Civil Action No. CV-03-7803. (Doc. 84, Declaration of Edward J. Reich ["Reich Decl."], Ex.5)). Respondents' complaint therein alleges fraud and other misconduct in connection with their purchase in November 1992 of Class Policies C6323997 and C6323998.

According to Respondents, since 2002, Drs. Johnson and Brinley have paid well over $240,000.00 in premiums to keep the policies in effect, despite assertions by Ohio National that the policies would fund themselves after ten years. Moreover, Respondents' understanding of the "10-pay" aspect of their policies was confirmed not only by the initial statements and assurances made by Ohio National's agent, J. Terry Holloway, at the point of sale in 1992, but also by his explicit statements and reassurances in 1997 and 2000. In response to specific inquiries Respondents made about the polices, Holloway allegedly consistently reaffirmed in 1997 and 2000 that the policies would require no additional premium payments after November 2002. Respondents' complaint sets forth various causes of actions based on these allegations.

Following the filing of Respondents' complaint in Alabama, Ohio National's counsel forwarded Respondents' counsel a copy of the Final Judgment entered in the Class Action. (Doc. 84, Declaration of Robert W. Bradford, Jr. ["Bradford Decl."], Ex. 5)). Ohio National's counsel further noted that Respondents' claims were subject to and barred by the Final Judgment and the Class Release, and therefore requested that Respondents voluntarily dismiss their action. *Id*.

Respondents did not voluntarily dismiss their complaint. *Id.* Instead, on January 28, 2004, Respondents filed a declaratory judgment action in the Circuit Court of Jefferson County, Alabama, styled *Donald L. Johnson and Stephen K. Brinley, Plaintiffs v. Ohio National Life Assurance Corporation; J. Terry Holloway, Defendants,"* Civil Action No. CV-04-0564. (Bradford Decl. ¶

5

3). In the second action, Respondents seek a declaration by the Alabama state court that their claims asserted in the first state court complaint are not barred by the Final Judgment and Class Release entered by this Court. On February 20, 2004, Respondents filed a motion to consolidate their two state court actions and to stay the original action pending a determination as to whether their claims are subject to and barred by the Final Judgment. *Id.*

On March 12, 2004, Ohio National filed a motion in Alabama to dismiss or, in the alternative, to stay that action, and on October 15, 2004, the Circuit Court of Jefferson County, Alabama, stayed Respondents' litigation pending further proceedings of this Court. (Doc. 95, Ex. 1, Order from Circuit Court of Jefferson County, Alabama).

### **The Parties' Claims**

On September 22, 2004, Ohio National filed a motion in this Court to specifically enjoin Respondents from "violating this Court's Final Judgment" in the federal class action by pursuing individual claims against Ohio National in Alabama state court for practices alleged to have occurred in conjunction with the sale of life insurance policies subject to the Class Action. (Doc. 84). In response, Respondents filed a motion to dismiss Ohio National's motion to enjoin, urging that this Court lacks personal jurisdiction over Respondents. (Docs. 87, 88).

On March 16, 2005, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion to enjoin Respondents from pursuing an action in Alabama state court (Doc. 84) be granted, and that Respondents' motion to dismiss Defendants' motion to enjoin (Doc. 87) be denied. (Doc. 105).

Respondents timely objected to the Report and Recommendation. First, Respondents object to this Court's exercise of personal and continuing and exclusive jurisdiction over them and the

subject matter of this action. Additionally, they object to the Magistrate Judge's findings that service pursuant to Fed. R. Civ. P. 4 was unnecessary; that the notice provided to all class members satisfied due process; that Respondents are bound by the Class Action Settlement and Final Judgment; that Respondents are "beneficiaries" of a Class Member and thus "releasing parties" bound by the Settlement Agreement and Final Judgment, despite not being Class Members themselves; that Respondents have released all claims and liabilities arising from a "released transaction," including unknown and future claims that arose or did not exist until after the Class Period; and that the Anti-Injunction Act and All-Writs Act authorize this Court to enjoin Respondents from prosecuting the Alabama state court action. (Doc. 109).

In response to those objections, Defendants urge that each of Respondents' arguments was considered and properly rejected by the Magistrate Judge in addressing Defendants' motion to enjoin. (*See* Doc. 114).

## **Analysis**

When a party has filed timely objections to a magistrate judge's recommended disposition of pretrial matters (such as the motions to enjoin and dismiss herein), the district judge "shall make a de novo determination upon the record." Fed. R. Civ. P. 72(b). The district judge then "may accept, reject, or modify the recommended decision," or take further action. *Id.*

A *de novo* review of the record in this matter convinces the Court that Magistrate Judge Black properly considered and correctly determined in his Report and Recommendation each issue raised in Respondents' objections. Given that the Report and Recommendation's exhaustive analysis adequately addresses all jurisdictional, service, notice, due process, "releasing parties" and related challenges raised by Respondents, we find that further elaboration on the Magistrate Judge's

7

analysis is unnecessary as to those issues.

As to what this Court considers to be the most compelling of Respondents' arguments – that the 1999 Class Action settlement order should not act as a bar to Respondents' claims for their insurance agent's fraudulent act of reassuring them in 2000 that their policies would require no further premium payments after 2002 – we observe that the Magistrate Judge's conclusion is further bolstered by an unreported decision of the United States Court of Appeals for the Sixth Circuit which was not cited in the Report and Recommendation. In *Cahill v. Jewell*, a federal court action for damages arising from fraudulent "vanishing premium" representations made to induce the purchase of life insurance policies, brought after a state court class action settlement from which the plaintiffs had not asked to be excluded, the panel found that the plaintiffs' action was "barred by the doctrine of release." 181 F.3d 100 (unpublished), 1999 WL 357747 at *5 (6th Cir. May 12, 1999). Although the plaintiffs in *Cahill* argued that they were "not bound by the release because they did not individually sign any release forms," the Court there found that "Plaintiffs are bound by all aspects of the final judgment – including the terms of the release – where they chose not to exercise their right to opt out of the settlement class." *Id*. at *6. Moreover, the Court cited with favor another federal circuit decision "rejecting class members' argument that they were not bound by a settlement agreement's release of claims because they were not named representatives in the class action and did not consent to the release." *Id.*, citing *Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29, 32 (1st Cir. 1991).

Irrespective of any other arguments Respondents may offer in an attempt to attack the validity of the Class Action settlement as applied to their claims, the record clearly demonstrates that Respondents or their designated representative received actual notice of the proposed Class Action

settlement but failed to request exclusion.[2]  Under such circumstances, this Court finds that the rationale set forth in *Cahill* compels the conclusion that Respondents are bound by the terms of the settlement release, including the provision which "forever discharges the Released Parties from any claims or liabilities arising from or related to the Released Transactions."  (*See* Doc. 78, ¶ 13(a)(2)(b)).

For the foregoing reasons, the Court hereby ORDERS that Respondents' objections (Doc. 109) to the Report and Recommendation are OVERRULED; that the Report and Recommendation (Doc. 105) is ADOPTED; that Defendant's motion to enjoin (Doc. 84) is GRANTED; and that Respondents' motion to dismiss (Doc. 87) is DENIED.

IT FURTHER IS ORDERED that Respondents Donald L. Johnson and Stephen K. Brinley hereby are SPECIFICALLY and PERMANENTLY ENJOINED from violating this Court's Final Judgment (Doc. 80), entered in this matter on August 2, 1999, which specifically provided that the Class Settlement of this matter "shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings" maintained by Class Members "as well as their heirs, executors and administrators, successors and assigns."  In particular, said Respondents, their heirs, executors and administrators, successors and assigns, and those persons acting on their behalf, hereby are SPECIFICALLY and PERMANENTLY ENJOINED from proceeding in Civil Action No. CV-03-7803 in the Circuit Court of Jefferson County, Alabama, or from pursuing in any other proceeding or forum, any claims against Defendant The Ohio National Life Insurance Company based upon, arising out of or otherwise related to alleged fraud and other misconduct in connection

---

[2] Indeed, the fact that Dr. Johnson personally and Dr. Brinley through his designated representative both requested CEP election forms suggests that both affirmatively chose to have their interests **included** in the Class Action.

with said Respondents' purchase in November 1992 of Class Policies C6323997 and C6323998, issued by said Defendant.

      IT IS SO ORDERED.


                                                s/ Herman J. Weber
                                      Herman J. Weber, Senior Judge
                                      United States District Court